[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE THIRD AND FOURTH COUNTS OF COMPLAINT
Plaintiff was a partner in the named defendant partnership. He sues, inter alia, for an accounting.
Both the Third and Fourth counts are based on Conn. Gen. Stat. Sec. 42-110a, et. seq. (CUTPA).
I. Third Count
Defendant claims that plaintiff's allegations in the Third count do not state a cause of action because CUTPA only applies to "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business," Conn. Gen. Stat. Sec. 42-110b(a), and this partnership relationship itself is not a trade or business.
The practice of law is a profession. Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510,518. However, CUTPA does apply to professions. Id. 518-521. In this case we do not have a claim involving consumers, clients or third parties, but only the internal workings of a partnership. His claim is he was put out of the partnership.
CUTPA prohibits engaging "in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any CT Page 5083 trade or commerce." Conn. Gen. Stat. Sec. 42-110b(a). The statute defines "trade" and "commerce" as:
 the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state.
Id. Sec. 42-110a(4).
We do not have cases directly on point, but we may analogize from employment cases. CUTPA does not apply to disputes involving the employer-employee relationship. In Anderson v. E. J. Gallo Winery, 1985 WL 134 (D. Conn. Nov. 7, 1985) the plaintiff filed a CUTPA claim for wrongful discharge. The court granted the employer's motion to dismiss the CUTPA claim as legally insufficient, and said,
 Assuming arguendo that the defendant's termination of the plaintiff could and did constitute a deceptive act as contemplated by CUTPA, the plaintiff must also establish that the challenged deceptive practice took place in the conduct of the defendant's "trade or commerce" in order for the defendant's action to constitute a violation of the Act. . . Although an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the purposes of CUTPA.
Id. 6.
The Massachusetts Supreme Judicial Court construing a similar definitional provision of the Massachusetts Unfair Trade Practices Act noted that the Massachusetts statute's definition of "trade" or "commerce" — including the act of "offering for sale . . . any service" — was limited to practices "that may arise in dealings between discrete, independent business entities, and not those that may occur within a single company." Manning v. Zuckerman, 444 N.E.2d 1262,1265 (Mass. 1983).
Our superior court also has held that CUTPA's "trade or commerce" definition does not apply to claims arising from an employment relationship, because it does not apply to "the internal business affairs and workings of [a] partnership." Heller v. North American Rock Company, 6 CSCR 272 (Feb. 6, 1991) (Lewis, J.). CT Page 5084
We also have a superior court case in which the court found that CUTPA applied to a relationship between parties that was either "that of a partnership or that of employer-employee." Visconti v. Cutsinger, 16 CLT 17 (4/23/90) (Allen, J.). However, the court in that matter never directly addressed the definitional issue but rather was concerned with the unfairness of the alleged acts and whether or not the relationship was that of a partnership.
This "internal strife of a partnership," as Judge Lewis calls it, does not arise in trade or commerce and does not cause substantial demonstrable injury to consumers, competitors or other businessmen. Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243,253-255.
II. Fourth Count
All that has been said in regard to the third count is also applicable to the fourth.
Plaintiff has failed to allege an ascertainable loss in the fourth count. He alleges only some sort of attempt to injure him.
The statute under which plaintiff claims is, in part, as follows:
 (a) Any person who suffers any ascertain able loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages.
"Under CUTPA, `[t]he ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action. . .".
Plaintiff does say in paragraph 8 of his fourth count that he "has suffered and continues to suffer, monetary damages." However, he fails to allege any facts from which a trier could connect the "attempt" to those damages to make them ascertainable. This he must do. Conway v. Prestia, 191 Conn. 484, 493-494.
III. Fifth Count
 The fifth count has been withdrawn. Motion to strike third and fourth count is granted.
NORRIS L. O'NEILL JUDGE, SUPERIOR COURT CT Page 5085